UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

BRIAN EDWARD MAHONEY,            )
                                 )
          Petitioner,            )
                                 )
     v.                          )   C.A. No. 13-12291-NMG
                                 )
JEFF GRONDOLSKY, WARDEN, et al., )
                                 )
          Respondents.           )

                      MEMORANDUM AND ORDER

     Now before the Court is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Brian Edward Mahoney, an inmate now confined to FMC Devens.  See Docket No. 1.  However, a review of the Court's records reveals that the instant petition is identical to the petition filed on June 28, 2013, in Mahoney v. Grondolsky, et al., C.A. No. 13-11564-NMG (pending).

     In light of the fact that Mahoney currently has a Section 2241 habeas petition pending which incorporates the identical claims presented in this action, and as a matter of judicial economy and the district court's inherent authority to manage its own dockets, this Court finds no good basis for permitting this duplicative petition to proceed.  See Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000) (plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time); accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) (Plaintiffs may not pursue multiple federal

suits against the same party involving the same controversy at the same time); see also Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions .'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir.1993) (citation omitted).

    Accordingly, it is hereby

    ORDERED that this action is dismissed without assessment of the filing fee.

SO ORDERED.

```
 November 26, 2013        /s/ Nathaniel M. Gorton
DATE                      NATHANIEL M. GORTON
                          UNITED STATES DISTRICT JUDGE
```